IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JONATHAN LAMAR SIMPSON, #380719 | § § | |
| VS. | § § | CIVIL ACTION NO. 4:23cv781 |
| OFFICER FNU DRAKE, ET AL. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendants Officer Drake and Lt. Barnett's Motion to Dismiss (Dkt. #14) (the "Motion to Dismiss"). To date, *pro se* Plaintiff Jonathan Lamar Simpson ("Plaintiff") has not filed a response. For the reasons that follow, the Court recommends the Motion to Dismiss (Dkt. #14) be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this lawsuit against Defendants. In his complaint, Plaintiff alleges that while confined at the Collin County Detention Facility, Defendants "unreasonabl[y] interfere[ed] with inmate outgoing mail, blocking access to courts." (Dkt. #1, p. 3). Specifically, Plaintiff alleges the following:

> I had my legal indigent mail returned that sent out (Tuesday 5/9/23). This mail was addressed to the courts. It was returned back saying that I need to provide postage on the envelop [sic]. I was advised that this facility only provide[s] stamps or postage on legal indigent number 10 regular white envelops [sic] only! No stamps are provided on 9x12 brown envelops [sic]! Since August 9, 2022, I have sent my legal briefs to the courts in 9x12 envelops [sic] with number 10 regular white envelops [sic] attached to it. Being that I have briefs and motions that are more than 20 pages and can't possibly fit in a regular number 10 envelop [sic] this creates a huge issue.

(Dkt. #1, p. 4). Plaintiff asserts his access to the courts is being blocked since he is "an indigent inmate and rel[ies] on mail being sent out by this facility." (Dkt. #1, p. 6). Plaintiff also alleges his

1

legal mail began to be "blocked" after he filed grievances and a 42 U.S.C. § 1983 action against Collin County Detention Facility and Lt. Barnett, who is the kitchen supervisor.[1] (Dkt. #1, p. 6). According to Plaintiff, Lt. Barnett is also the mailroom supervisor and instructed Officer Drake not to send out Plaintiff's mail. (Dkt. #1, p. 6). For relief, Plaintiff requests "[c]ompensation (punitive)" as well as any additional relief the Court "deems just, proper and equitable." (Dkt. #1, p. 4).

On January 3, 2024, Defendants moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. #14). Defendants urge Plaintiff's claims should be dismissed because Plaintiff fails to allege a cognizable constitutional claim, fails to overcome Defendants' entitlement to qualified immunity, fails to sufficiently plead Defendants' personal involvement in the alleged constitutional deprivation, and fails to sufficiently allege entitlement to punitive damages. (Dkt. #14, pp. 4-8). To date, Plaintiff has not filed a response.[2]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Because dismissals under Rule 12(b)(6) are disfavored, the Court must accept all well-pleaded facts in the plaintiff's complaint as true, "even if doubtful or suspect," and view them in the light most favorable to the plaintiff. *Peña Arita v. United States*, 470 F. Supp. 3d 663, 680 (S.D. Tex. 2020). However, the Court does not accept as true "conclusory allegations, unwarranted factual

---

[1] *See* Civil Action No. 4:23cv463.

[2] Over five months have elapsed since the Motion to Dismiss (Dkt. #14) was filed, and Plaintiff has not filed responsive briefing. A failure to respond to a motion to dismiss creates the presumption that Plaintiff has no facts to controvert the motion. *See* Local Rule CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The well-pleaded facts must allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* When considering a motion to dismiss for failure to state a claim, the Court's review is limited to the complaint, any document attached to the complaint, any document attached to the motion to dismiss that is central to the claim and referenced by the complaint, and any facts subject to judicial notice. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

The Court is also mindful it "must construe the pleadings of *pro se* litigants liberally to prevent the loss of rights due to inartful expression." *Perez v. Dallas Cnty. Jail*, No. 3:20-CV-1697-K-BN, 2022 WL 1215781, at *2 (N.D. Tex. Mar. 31, 2022) (internal citations omitted), *report and recommendation adopted*, No. 3:20-CV-1697-K, 2022 WL 1213415 (N.D. Tex. Apr. 25, 2022); *see also Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). "But 'liberal construction does not require that the Court . . . create causes of action where there are none.'" *Rolan v. LaSalle Sw. Corr.*, No. 3:20-CV-2842-B-BN, 2021 WL 5568168, at *3 (N.D. Tex. Nov. 1, 2021) (quoting *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465, 2013 WL 2291886, at *8

(N.D. Tex. May 23, 2013)), *report and recommendation adopted*, No. 3:20-CV-2842-B-BN, 2021 WL 5566769 (N.D. Tex. Nov. 29, 2021).

### III. ANALYSIS

#### A. <u>Failure to State an Access to Courts Claim</u>

Liberally construed, Plaintiff alleges Defendants violated his constitutional rights by returning his outgoing legal mail due to insufficient postage.

Plaintiff has not alleged sufficient facts to set forth an access to courts claim. To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendant's actions. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In *Lewis v. Casey*, the Supreme Court stated that an inmate must show more than the inability to file a claim in order to succeed on an access to court claim; instead, he must show that he would have been able to bring a nonfrivolous claim with arguable legal merit— he must show an actual injury. 518 U.S. at 351-53. A plaintiff must show that his position as a litigant was prejudiced by his denial of access to the courts. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998); *Walker v. Navarro Cnty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993). He must show that he was prejudiced in a specific lawsuit. *Minix v. Stoker*, 289 F. App'x 15, 17 (5th Cir. 2008) (citing *McDonald*, 132 F.3d at 230-31).

To succeed on a claimed denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Lewis*, 518 U.S. at 356; *see also Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (holding that to state a claim of denial of access to the courts, a plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access). "[T]he complaint should state the

4

underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Christopher v. Harbury*, 536 U.S. 403, 417-18 (2002). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. Rather, a plaintiff must demonstrate that the lack of access prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action. *Id.* at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)).

Here, Plaintiff does not explain how he was prejudiced by the returned mail. He does not allege that he was prevented from mailing the document later or that the document was deemed untimely. Plaintiff does not explain how any delay in mailing the document denied him access to the courts. Indeed, Plaintiff's litigation history in federal court shows he has successfully filed numerous lawsuits without a denial of access to the courts. The very envelope containing this lawsuit was a 9x12 envelope with stamps. (Dkt. #1-1). Likewise, envelopes in Plaintiff's other cases are 9x12 envelopes with stamps. (*See generally* Civil Action Nos. 4:23cv692 & 4:23cv781). Plaintiff's allegations do not give rise to a viable claim of denial of access to the courts. Accordingly, Plaintiff's access to courts claim should be dismissed for failure to state a claim upon which relief may be granted.

B.  **Failure to State a Retaliation Claim**

Liberally construed, Plaintiff also alleges his legal mail was "blocked" as retaliation for filing grievances and a § 1983 lawsuit against Collin County Detention Facility. (Dkt. #1, p. 6).

"An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate." *Woods*

*v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *Perry v. Sinderman*, 408 U.S. 593, 597 (1972). However, retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).

To establish a retaliation claim, an inmate must prove: (1) he was exercising a specific constitutional right; (2) the defendant intended to retaliate against the inmate for exercising that right; (3) a retaliatory adverse act; and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Conclusory allegations are insufficient to establish a retaliation claim. *Woods*, 60 F.3d at 1166. An inmate must show that "but for" a retaliatory motive, the defendants would not have engaged in the action. *Id.* The inmate must either produce direct evidence of motivation or allege a chronology of events from which retaliation may be plausibly inferred. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004).

Plaintiff meets the first prong of the test because he alleges Defendants retaliated against him for exercising his constitutional rights to file grievances and a lawsuit. However, Plaintiff offers nothing more than a conclusory assertion setting out a personal belief that he was the victim of retaliation. Plaintiff fails to show that "but for" a retaliatory motive, Defendants would not have returned his mail for insufficient postage. Moreover, Plaintiff's allegations fail to demonstrate that the act of returning his legal mail for lack of postage deterred him from further exercising his constitutional rights. *See Bibbs*, 541 F.3d at 270. As discussed above, Plaintiff has been able to mail several lawsuits from the Collin County Detention Facility to the federal court. Indeed, two of those lawsuits—including this lawsuit—were mailed by Plaintiff and filed by this Court *after*

he complained his legal mail had been returned for insufficient postage. Thus, Plaintiff fails to demonstrate that any retaliatory act of returning his mail for insufficient postage amounted to a constitutional injury. Stated differently, the act of returning his mail for insufficient postage is, at best, an "insignificant retaliatory act[]" that Plaintiff does not allege chilled him from continuing to pursue constitutionally protected activities. *Rogers v. McLane*, No. 5:22-CV-130-BQ, 2023 WL 4629044, at *18 (N.D. Tex. June 30, 2023), *report and recommendation adopted*, No. 5:22-CV-130-C-BQ, 2023 WL 4636894 (N.D. Tex. July 19, 2023). Because the act Plaintiff attributes to Defendants is "so *de minimis* that [it] would not deter the ordinary person from further exercise of his rights," Plaintiff fails to state a retaliation claim. *See, e.g.*, *Moore v. Charles*, No. 4:14cv825, 2017 WL 750311, at *3 (E.D. Tex. Feb. 27, 2017) (concluding the plaintiff's retaliation claim failed in part because the defendant's alleged retaliatory act was *de minimis* and "would not deter a person of ordinary firmness from exercising their rights"); *Hill v. Gatson*, No. G-03-966, 2007 WL 869536, at *2 (S.D. Tex. Feb. 15, 2007) (noting the prisoner had not alleged that the defendant's filing of an allegedly false disciplinary infraction "prevented or chilled [prisoner] from filing [additional] grievances"); *Johnson v. Parks*, No. 5:03-CV-024-C, 2004 WL 2101669, at *5 (N.D. Tex. Sept. 15, 2004) (dismissing the prisoner's retaliation claim in part because he did not demonstrate that the defendant's action caused prisoner to stop, or prevented him from, filing grievances or lawsuits), *aff'd*, 182 F. App'x 300 (5th Cir. 2006). Accordingly, Plaintiff's retaliation claim should be dismissed for failure to state a claim upon which relief may be granted.

C.  **Personal Involvement and Qualified Immunity**

It is well-settled that a plaintiff in a civil rights case must demonstrate not only a constitutional violation, but also personal involvement on behalf of those alleged to have violated the plaintiff's constitutional rights. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)

("Personal involvement is an essential element of a civil rights cause of action."); *Thompson v. Crnkovich*, No. 1:16-CV-055-BL, 2017 WL 5514519, at *2 (N.D. Tex. Nov. 16, 2017) ("Without personal involvement or participation in an alleged constitutional violation, or implementation of a deficient policy, the individual should be dismissed as a defendant.").

Here, because Plaintiff has failed to demonstrate a constitutional violation, it necessarily follows that Defendants have had no personal involvement in a constitutional violation. Thus, Plaintiff has failed to show Defendants' personal involvement in any constitutional violation.

Defendants also argue they are entitled to qualified immunity. (Dkt. #14, pp. 4-7). The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Federal courts use a two-part test to determine whether defendants are entitled to qualified immunity. *Freeman v. Texas Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). The first prong of the test requires the court to determine whether the plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736; *Freeman*, 369 F.3d at 863. If a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation. *Freeman*, 369 F.3d at 863. A defendant is entitled to qualified immunity if there is no constitutional violation or if the conduct did not violate clearly established law at the time. *Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014).

Here, as Plaintiff's allegations have not established a constitutional violation, Defendants are entitled to qualified immunity. *See Baughman v. Bowman*, No. 6:20CV560, 2024 WL 1248135, at *14 (E.D. Tex. Feb. 7, 2024), *report and recommendation adopted*, No. 6:20-CV-560-JDK-KNM, 2024 WL 1251497 (E.D. Tex. Mar. 22, 2024).

### D. **Official Capacity Claims**

To the extent Plaintiff seeks to recover against Defendants in their official capacities, Plaintiff's claims are subject to dismissal.

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Ky. v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Thus, any § 1983 claims against Defendants in their official capacities are, in effect, claims against Collin County. *See Bone v. Watt*, No. 4:21-cv-201, 2022 WL 912100, at *7 (E.D. Tex. Feb. 24, 2022) ("Plaintiff's § 1983 action against Sheriff [Skinner] in [his] official capacity is, in effect, a claim against [Collin] County.") (citations omitted) (alterations in original), *report and recommendation adopted*, No. 4:21-cv-201, 2022 WL 906191 (E.D. Tex. Mar. 27, 2022). A judgment against a public servant in his or her official capacity imposes liability on the entity that he or she represents, *see Marceaux v. Lafayette City-Par. Consol. Gov't*, 921 F. Supp. 2d 605, 623 (W.D. La. 2013); thus, a plaintiff's suit against a government official in his official capacity is "only another way of pleading an action against an entity of which [the official] is an agent." *Monell*, 436 U.S. at 690 n.55; *see also Gage v. Valdez*, No. 3:16-cv-1360-B-BH, 2017 WL 4465765, at *3 (N.D. Tex. Aug. 21, 2017) ("Plaintiff's suit against the Sheriff in her official capacity is merely another way of pleading an action against her municipal employer, i.e., Dallas County."), *report and recommendation adopted*, No. 3:16-cv-1360-B-BH, 2017 WL 4419041 (N.D. Tex. Oct. 4, 2017); *Sutherland v. Akin*, No. 4:19-cv-216-O, 2021 WL 462103, at *8 (N.D. Tex. Feb. 9, 2021) ("Sutherland's claims against the defendants [including a sheriff and county jail officers, among others,] in their official capacities as employees of the Wise or Tarrant County Jails are construed as claims against Wise County and Tarrant County.").

Under *Monell*, "municipalities may be sued under § 1983 but cannot be held liable for acts of their employees under a theory of *respondeat superior*." *Gomez v. Galman*, 18 F.4th 769, 777 (5th Cir. 2021). Rather, to state a claim against a municipality under *Monell* and its progeny, a plaintiff must plead that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Id.* (quoting *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 395 (5th Cir. 2017)); *see also Doe v. Harris Cnty.*, No. 21-20251, 2022 WL 220114, at *5 (5th Cir. Jan. 24, 2022) (per curiam) (applying the rule to claims asserted against a county entity). A policy constitutes the "moving force" behind an alleged violation if there is "'a direct causal link' between the policy and the violation." *Covington v. City of Madisonville, Tex.*, 812 F. App'x 219, 225 (5th Cir. 2020) (per curiam) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009)). Additionally, "[t]he official policy itself must be unconstitutional or, if not, must have been adopted 'with deliberate indifference to the known or obvious fact that such constitutional violations would result.'" *James*, 577 F.3d at 617 (quoting *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004)).

Importantly, in the absence of any underlying constitutional violation, there can be no municipal liability under *Monell*. *See Albert v. City of Petal*, 819 F. App'x 200, 203 (5th Cir. 2020) (holding that because there was no constitutional violation, there can be no *Monell* claims); *Brown v. Wilkinson Cnty. Sheriff Dep't*, 742 F. App'x 883, 884 (5th Cir. 2018) (holding that because the plaintiff failed to demonstrate an underlying constitutional violation, the claims against the county and the officers in their official capacities failed); *Harris v. Serpas*, 745 F.3d 767, 774 (5th Cir. 2014) (upholding the district court's dismissal of the *Monell* claims because the plaintiffs had not shown there was a constitutional violation).

Review of the complaint shows Plaintiff fails to plead sufficient allegations to state a plausible claim for relief of a violation of a constitutional right whose moving force was the policy or custom. Plaintiff's allegations do not allege a municipal custom or policy to violate the rights of inmates to access the courts. Thus, any official capacity claims against Defendants should be dismissed.

### E. Punitive damages

Although claims for compensatory damages may be barred in the absence of physical injury, the Fifth Circuit has recognized that a prisoner may recover nominal or punitive damages, despite a lack of physical injury, if he can successfully prove a constitutional violation under § 1983 and overcome a defense of qualified immunity. *Hutchins v. McDaniels*, 512 F.3d 193, 197-98 (5th Cir. 2007); *Anderson v. Black*, No. 6:17-cv-672, 2018 WL 3453485, at *5 (E.D. Tex. June 26, 2018), *report and recommendation adopted sub nom. Anderson v. Black*, No. 6:17-cv-672, 2018 WL 3438791 (E.D. Tex. July 16, 2018). Because Plaintiff fails to plead a constitutional violation and overcome the defense of qualified immunity, Plaintiff's claim for punitive damages should be dismissed.

### F. Leave to Amend

Generally, a *pro se* plaintiff should be allowed to amend his complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)). A district court may consider the following factors in deciding whether to grant leave to amend: undue delay, bad

faith or dilatory motive on the plaintiff's part, repeated failures to cure deficiencies by previous amendments allowed, undue prejudice to the opposing party, and futility of the amendment. *Id.*

Here, Plaintiff has provided no indication he would be able to cure the pleading deficiencies identified herein if he were allowed to amend his complaint. Moreover, when the plaintiff makes no attempt to amend his complaint in response to the defendant's challenge pursuant to Rule 12(b)(6), dismissal is proper when the plaintiff's allegations fail to state a claim for which relief can be granted. *See Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010); *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997). Under these circumstances, the Court finds granting Plaintiff leave to amend would be futile, would unnecessarily delay these proceedings, and would prejudice Defendants, who have already filed a motion to dismiss and would likely file a second motion to dismiss if an amended complaint were filed.

### G.  **Strike under 28 U.S.C. § 1915(g)**

Under the PLRA, an inmate may not file any lawsuit or appeal *in forma pauperis* if he has three or more lawsuits or appeals previously dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The statutory provision was designed to stop abusive litigious practices employed by inmates.

Because the Court is recommending dismissal of Plaintiff's claims in this case for failing to state a claim upon which relief may be granted, it is further recommended Plaintiff be advised this dismissal counts as a strike pursuant to 28 U.S.C. § 1915, and should he accumulate three strikes, he may be denied *in forma pauperis* status and be required to pay the full filing fee when filing additional civil actions or appeals unless he demonstrates he is in imminent danger of serious physical injury.

## IV.  RECOMMENDATION

For the reasons set forth above, the Court recommends the Motion to Dismiss (Dkt. #14) be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**. The Court further recommends this dismissal be counted as a strike pursuant to 28 U.S.C. § 1915.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 14th day of June, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE